NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

RICARDO RAMOS,
*Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION
OF ARIZONA,
*Respondent*,

PAPA JOHN'S SALADS,
*Respondent Employer*,

FARMERS INSURANCE EXCHANGE,
*Respondent Carrier*.

No. 1 CA-IC 16-0027
FILED 2-28-2017

Special Action - Industrial Commission
ICA No. 20151-070028
INSCA No. WC10112607
The Honorable Jonathan Hauer, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Ricardo Ramos, Avondale
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for ICA*

Jardine, Baker, Hickman & Houston, PLLC, Phoenix
By Stephen C. Baker
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

---

**J O H N S E N**, Judge:

**¶1**         This is a special action review of an Industrial Commission of Arizona ("ICA") decision affirming an award denying Ricardo Ramos's petition to reopen.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**         At work on April 4, 2015, two heavy boxes Ramos was carrying slipped from his grip and slid onto his right groin.[1]  A few minutes later, Ramos noticed a lump in the area of his right groin, at his belt line. Ramos saw a physician that same day at Medicine for Business and Industry, LLC ("MBI") and was discharged without restrictions.  He went back to MBI two days later for a follow-up and again returned to work without restrictions.

**¶3**         Ramos filed a claim for worker's compensation benefits, which was accepted but closed effective April 6.  In September 2015, he filed a petition to reopen his claim.  After his petition was denied, Ramos sought review.  At a hearing in January 2016 before an Administrative Law Judge ("ALJ"), Ramos was the only witness; the ALJ also received Ramos's medical

---

[1]     We view the evidence in the light most favorable to sustaining the award.  *Sun Valley Masonry, Inc. v. Indus. Comm'n*, 216 Ariz. 462, 464, ¶ 2 (App. 2007).

2

records, including a diagnostic imaging report and reports of two independent medical examinations.

**¶4**        Ramos testified that since a few days after the accident, he suffers pain that shoots down into his right testicle when he "pick[s] things up." Ramos further testified that his pain remained the same from the date of the accident through September 23, 2015, when he returned to the clinic and was turned away because his claim had been closed. He also testified that he visited an emergency room in January 2016 because the pain he experiences when lifting heavy items had grown more severe.

**¶5**        The imaging report performed in December 2015 concluded Ramos had a "smoothly marginated hypoechoic mass" in his right groin that may be a "benign neural tumor, possibly dermatologic lesion or focus of fibrosis." One of the independent medical examiners, a physician board-certified in pain medicine, physical medicine and rehabilitation, concluded that the lump had not changed since the time of the accident and that Ramos did not present any new, additional, or previously undiscovered condition caused by the industrial injury. The other examiner, a board-certified surgeon, concluded that, based on his examination of Ramos, the medical records and the opinion of the pain medicine specialist, Ramos did not suffer from a hernia and that the lump could not be tied to the industrial injury within a reasonable degree of medical probability.

**¶6**        The ALJ denied Ramos's petition to reopen, finding there was "insufficient evidence to prove the existence of a new, additional, or previously undiscovered temporary or permanent condition causally related to the subject injury." The ALJ also concluded that Ramos had submitted only "his own subjective complaints of increased pain to evidence a change in his condition since closure," but that under Arizona law, subjective pain is insufficient to justify reopening without a "change in objective physical findings." Upon request for review, the ALJ again denied reopening, concluding the award was fully supported by the evidence.

**¶7**        Ramos timely sought review by this court. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2017), 23-951(A) (2017) and Rule 10 of the Arizona Rules of Procedure for Special Actions.[2]

---

[2]        Absent material revision after the relevant date, we cite a statute's current version.

## DISCUSSION

**¶8**          On review of a decision by the ICA, "we defer to the ALJ's factual findings but review questions of law *de novo*." *Sun Valley Masonry, Inc. v. Indus. Comm'n*, 216 Ariz. 462, 463-64, ¶ 2 (App. 2007).  We will not set aside the award unless it is unsupported by any reasonable theory of the evidence.  *Phelps v. Indus. Comm'n*, 155 Ariz. 501, 506 (1987).

**¶9**          In order to reopen a worker's compensation claim, the claimant must show that the original industrial injury has caused a "new, additional or previously undiscovered" condition.  *See* A.R.S. § 23-1061(H) (2017); *Sun Valley*, 216 Ariz. at 464-65, ¶ 11.  The claimant bears the burden of presenting evidence sufficient to support reopening the claim.  *Id.* at 465, ¶ 11.  If a causal connection between the original injury and the condition "is not readily apparent, it must be established by expert medical testimony."  *Id.*  Finally, "[a] claim shall not be reopened because of increased subjective pain if the pain is not accompanied by a change in objective physical findings."  A.R.S. § 23-1061(H).

**¶10**          Our review of the record shows substantial evidence supported the ALJ's determination that Ramos failed to meet his burden of proving the existence of "a new, additional, or previously undiscovered" condition related to his industrial injury.  First, although Ramos testified he had increased pain radiating through a larger area than shortly after the injury, he offered no evidence of a change in "objective medical findings." *See* A.R.S. § 23-1061(H).  To the contrary, the pain specialist found Ramos did not have a "new, additional, or previously undiscovered condition" and that he has a "small subcutaneous mass . . . which appear[ed] to look exactly the same as it did" when Ramos saw the MBI physician shortly after his injury.  In addition, the surgeon likewise concluded the mass present in Ramos's right groin area was "apparently unchanged since the date of injury."

**¶11**          Second, even assuming that the medical records Ramos submitted to the ALJ showed the existence of a "new, additional, or previously undiscovered" condition, he presented no evidence demonstrating a causal connection to his industrial injury.  The evidence before the ALJ was to the contrary: The surgeon who examined Ramos concluded that "without any documentation of a change in size of the lump," it was "unlikely" that the lump was caused by the industrial injury.

**CONCLUSION**

¶12        Because the record supports the award, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA